**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY JONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>　　　　　　Defendant. | Case No. 2:20-cv-06827<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Plaintiff, STACY JONES, through undersigned counsel, complaining of Defendant, CHARTER COMMUNICATIONS, INC., as follows:

## NATURE OF THE ACTION

1.  This action is seeking redress for Defendant's violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.; and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. STACY JONES ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 833 West 79th Street, Los Angeles, California 90044.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. CHARTER COMMUNICATIONS, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Delaware.

9. Defendant has a principal place of business at 400 Atlantic Street, Stamford, Connecticut 06901.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9019.

13. At all times relevant, Plaintiff's number ending in 9019 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Plaintiff is currently subscribed to Spectrum Internet®.

16. Like many American consumers, Plaintiff suffered financial hardship as result of COVID-19; causing Plaintiff to default on Plaintiff's Internet bill.

17. At end of May, Plaintiff entered a 12-month repayment plan.

18. Notwithstanding, weeks later, Plaintiff started to receive phone calls from Defendant seeking payment on Plaintiff's "past due account."

2

19. In late-June, Plaintiff phoned Defendant to question why she was receiving collection calls.

20. During this call, Defendant confirmed Plaintiff's account was current,

21. During this call, Plaintiff verbally requested for the phone calls to cease.

22. Despite Plaintiff's request (as well as Plaintiff's current account status), Defendant's phone calls continued into July.

23. On four-to-five occasions, Plaintiff answered these phone calls.

24. Often times when Plaintiff answered, he was met by an approximate three-second pause prior to being connected to an agent.

25. Other times, however, Plaintiff was met by an automated, machine-operated voice instructing Plaintiff to "[p]lease call us at … to make your payment."

26. Frustrated, on July 24, 2020, Plaintiff once more phoned Defendant to complain about these calls.

27. Once more, Defendant confirmed Plaintiff's next payment was due on August 15, 2020 – confirming her account was current.

28. Defendant advised Plaintiff to disregard these calls.

29. Plaintiff again asked for the phone calls to cease.

30. Despite Plaintiff's request(s), Defendant's collection calls continue.

31. In total, Plaintiff received at least 20 phone calls from numbers leading back to Defendant despite Plaintiff's request(s) for Defendant's collection calls to cease.

32. Upon information and belief, Defendant placed these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

3

## DAMAGES

33. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

34. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular telephone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

35. Concerned with having had her rights violated, Plaintiff was forced to retain counsel to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)**

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. Defendant placed or caused to be placed no less than 20 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

38. The TCPA defines an ATDS as equipment which has the *capacity* – (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. 47 U.S.C. § 227(a)(1).

4

39. As plead above, on several instances, Defendant used an artificial or pre-recorded voice, which automatically played once Plaintiff answered Defendant's collection calls.

40. Upon information and belief, based on the three-second pause Plaintiff noticed other times when Plaintiff answered, Defendant employed an ATDS to place calls to Plaintiff.

41. Upon information and belief, the ATDS employed by Defendant transfers calls to an agent once a human voice is detected, hence the pause.

42. Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store numbers to be called; and (B) to dial such numbers. *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator' but also includes devices with the capacity to dial stored numbers automatically.").

43. As plead above, Plaintiff revoked consent to be called on Plaintiff's cellular telephone on multiple occasions.

44. As plead above, Plaintiff was severely harmed by Defendant's collection calls to Plaintiff's cellular telephone.

45. Upon information and belief, Defendant has no system in place to document whether they have consent to contact consumers on their cellular telephones.

46. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

47. Upon information and belief, Defendant knew that their collection practices were in violation of the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

48. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

49. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*)

50. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Cal. Civ. Code § 1788.11

51. California Civil Code § 1788.11 provides:

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or
>
> (e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debt under the circumstances.

Cal. Civ. Code §§ 1788.11(d) and (e).

52. Defendant's violated Cal. Civ. Code §§ 1788.11(d) and (e) by continuing to place calls to Plaintiff in spite of Plaintiff's request(s) that Defendant's collection calls cease.

### Violation(s) of Cal. Civ. Code § 1788.17

53. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the

provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

54. Section 1692d(5) makes "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly and continuously with intent to annoy, abuse, or harass any person at the called number" a violation of section 1692d's prohibition on engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d(5).

55. Because Defendant's unwanted collection calls to Plaintiff after being asked to cease run afoul of 15 U.S.C. § 1692d(5); Defendant's phone calls violate Cal. Civ. Code § 1788.17.

56. Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.11(d), (e) and 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Cal. Civ. Code §§ 1788.11(d) and (e);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: July 30, 2020

Respectfully submitted,

**STACY JONES**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com